JUDGE SAND

08 CV 6968

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

                 Plaintiff,

        v.

HENRY COHEN, as Trustee of
The Shirley Friedberger Irrevocable Insurance
Trust, and WENDY TITTEL, as Beneficiary of
The Shirley Friedberger Irrevocable Insurance
Trust,

                 Defendants.

Case No.:



## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, The Lincoln National Life Insurance Company, as successor by merger to Jefferson-Pilot Life Insurance Company ("Lincoln"), by and through its attorneys, hereby files this Complaint for Declaratory Judgment, and in support thereof, avers as follows:

1.     This is an action for Declaratory Judgment under 28 U.S.C. § 2201. Lincoln seeks a declaration establishing its rights and obligations pursuant to a policy of life insurance issued to The Shirley Friedberger Irrevocable Insurance Trust (the "Trust"), which policy has a face value of $4 million. Lincoln is entitled to declaratory relief because the policy applicants made one or more material misrepresentations to Lincoln in applying for the policy.

## PARTIES

2.      Plaintiff Lincoln is a life insurance company organized and existing under the laws of the State of Indiana, with its principal place of business located at 1300 South Clinton Street, Fort Wayne, Indiana 46802.

3.      Upon information and belief, Defendant Henry Cohen ("Mr. Cohen" or the "Trustee") is the Trustee of the Trust and a natural person with an address of 30 Ellis Place, Ossining, New York 10562.

4.      Upon information and belief, Defendant Wendy Tittel ("Ms. Tittel" or the "Beneficiary") is the Beneficiary of the Trust and a natural person with an address of 30 Ellis Place, Ossining, New York 10562.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), insofar as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because at least one defendant resides in this judicial district and all of the defendants reside in the same State, and, further, because a substantial part of the events giving rise to the claim occurred in this judicial district.

PHLIT/ 929648.3

## BACKGROUND

### The Application for the Policy

7.      On June 1, 2007, a formal application (the "Application") was submitted to Lincoln, which proposed a $4 million insurance policy on the life of Ms. Friedberger. A true and correct copy of the Application, with redactions of certain personal identifiers, private health information and financial account data, is attached hereto as Exhibit "A."

8.      In the Application, Ms. Friedberger, who was 83 years old at the time, represented that the owner and beneficiary of the proposed policy would be the Trust. *See* Exhibit "A."

9.      The Application contained a section entitled "Medical Information," which required Ms. Friedberger to answer a series of questions regarding her past and present health status.   *See* Exhibit "A."

10.      In answering the Application's questions regarding her health status, Ms. Friedberger disclosed that she had high blood pressure, diabetes and arthritis, and was taking several medications for these conditions. *See* Exhibit "A."

11.      In the Application, Ms. Friedberger denied that she had ever had, or been told by a medical professional to seek treatment because of, any other health impairment, congenital deformity or medically or surgically treated condition not otherwise mentioned in the Application. *See* Exhibit "A."

12.      Ms. Friedberger signed the Application and certain associated documents on May 26, 2007 in Lake Worth, Florida and, upon information and belief, forwarded via facsimile the signed Application and associated documents on May 30, 2007 to either her agent, Michael

Binday ("Mr. Binday") in Scarsdale, New York, or to Mr. Cohen, who was also in the State of New York. *See* Exhibit "A."

13.    Mr. Cohen, as the Trustee, signed the Application and certain associated documents. *See* Exhibit "A." Upon information and belief, Mr. Cohen signed the Application and associated documents in the State of New York sometime after May 30, 2007, but before the documents were received by Lincoln on June 1, 2007.

14.    Ms. Friedberger's agent, Mr. Binday, also signed the Application and certain associated documents. *See* Exhibit "A." Upon information and belief, Mr. Binday signed the Application and certain associated documents in Scarsdale, New York sometime after May 30, 2007, but before the documents were received by Lincoln on June 1, 2007.

15.    The Application contains an "Agreement and Acknowledgement" section, which reads, in pertinent part, as follows:

> Each of the undersigned (*i.e.*, Ms. Friedberger, Mr. Cohen and Mr. Binday) declares that:
>
> ...
>
> 2.    Unless otherwise provided by the Conditional Receipt, the Company will have no liability under this application unless and until: a) it has been received and approved by the Company at its Service Office; b) the policy has been issued and delivered to the policyowner; c) the first premium has been paid to and accepted by the Company; and d) at the time of delivery and payment, the facts concerning the insurability of each person proposed for insurance (*i.e.*, Ms. Friedberger) are as stated in this application.

Exhibit "A" at p. 6.

16.    Therefore, in completing and signing the Application, Ms. Friedberger, Mr. Cohen, Mr. Binday and/or those acting for them, knew that they were required to provide

truthful and accurate information regarding the insurability of Ms. Friedberger, not only as of the date of the Application, but also, up to and including the date on which a policy was delivered to Mr. Cohen and payment of the premium was accepted by Lincoln

### The Underwriting and Issuance of the Policy

17.     Following receipt of the Application, Lincoln, on June 6, 2007, conducted a telephone interview of Ms. Friedberger, at which time Ms. Friedberger stated she was receiving medical treatment only for diabetes and high blood pressure, and that she was taking medications only for these conditions and for arthritis.  Ms. Friedberger also advised Lincoln she had been treated for hemorrhoids a few months earlier, but that condition had normalized and she had not been back to the doctor for that condition.

18.     On or about July 18, 2007, Lincoln received a physician's statement from Ms. Friedberger's personal physician, Dr. Jeffrey Behrens, dated November 3, 2006, wherein it was reported that Ms. Friedberger had the following medical conditions:  high blood pressure, obesity, systolic heart murmur, diabetes, mild aortic stenosis, cardiomegaly, osteoarthritis, rectal bleeding and hemorrhoids.  Lincoln updated its underwriting file accordingly.

19.     On or about July 20, 2007, Lincoln received a letter from Dr. Geri Abraham at Ms. Friedberger's personal physician's office stating Ms. Friedberger's hemoglobin was lower than the year prior and her heart murmur was stable.  This letter was the last of any medical information and/or documentation sent to Lincoln by, or received by Lincoln from, the policy applicants or anyone acting for them, or at their request, in connection with the Application.

20.     In reliance upon the Application, including the medical information and/or documentation submitted to, or received by, Lincoln in connection therewith, Lincoln agreed to issue a $4 million policy on the life of Ms. Friedberger (the "Policy").

5

21.    Lincoln sent the Policy to Ms. Friedberger's agent, Mr. Binday, who then delivered it to Mr. Cohen on September 6, 2007 in the State of New York, at which time both Mr. Cohen, as the Trustee, and Mr. Binday signed a delivery receipt notice, which was then forwarded to Lincoln as confirmation of the delivery of the Policy.

22.    On September 7, 2007, Lincoln accepted the Policy's first premium payment, which was in the form of a personal check signed by Ms. Tittel, drawn on her bank account in the State of New York.

23.    Having received confirmation that the Policy had been delivered to Mr. Cohen and having accepted the first premium payment, Lincoln issued the Policy on September 7, 2007 (the "Issuance Date").

24.    On October 19, 2007, after Ms. Friedberger's death earlier that same day, a claim for the death benefit under the Policy was submitted to Lincoln.

### Lincoln's Discovery of Evidence of
### Material Misrepresentations by the Policy Applicants

25.    Following Ms. Friedberger's death and the filing of a claim for the death benefit under the Policy by the Trust, Lincoln commenced a contestable claim investigation and has learned thereby that the applicants made one or more material misrepresentations regarding the health and insurability of Ms. Friedberger as of the Issuance Date, contrary to the representations in the Application.

26.    Lincoln learned that, subsequent to the Application of June 1, 2007 and prior to the Issuance Date, Ms. Friedberger was hospitalized beginning on or about July 19, 2007 and, upon information and belief, she remained either in a hospital or at a nursing home and/or hospice facility until her death on October 19, 2007.

27.    Specifically, Lincoln learned the following:

(a)    On July 20, 2007, while hospitalized, Ms. Friedberger was diagnosed with acute renal failure and chronic kidney disease.

(b)    On July 27, 2007, while hospitalized, Ms. Friedberger underwent an OB/GYN consultation, at which time a pelvic exam revealed a palpable anterior vaginal mass, highly suspicious of either vaginal or cervical cancer.

(c)    On August 21, 2007, Ms. Friedberger was transferred from West Boca Medical Center in Boca Raton, Florida to a hospice or nursing home known as Heartland of Boca, where she was admitted for the purpose of receiving care for her medical conditions, which included, but were not limited to, renal insufficiency and cervical cancer.

(d)    On September 7, 2007, Ms. Friedberger was transferred back to West Boca Medical Center with a urinary tract infection, dehydration and bacteremia.

(e)    On September 11, 2007, Ms. Friedberger was transferred from West Boca Medical Center back to Heartland of Boca for further care for her medical conditions, which included, but were not limited to, renal insufficiency and cervical cancer.

(f)    On or about September 28, 2007, Ms. Friedberger was transferred to a hospice facility known as Hospice by the Sea to receive care for her medical conditions, which included, but were not limited to, renal insufficiency and cervical cancer.

(g)    On October 19, 2007 at 5:50 a.m., Ms. Friedberger passed away while at Hospice by the Sea.

28.    Lincoln learned the cause of Ms. Friedberger's death was "carcinoma at cervix" or cervical cancer.

29.    At no time between the date of the Application and the Issuance Date did the Policy applicants (*i.e.*, Ms. Friedberger, Mr. Cohen and Mr. Binday), nor anyone acting for them or at their request, inform Lincoln of Ms. Friedberger's hospitalization beginning on or about July 19, 2007, nor did they inform Lincoln of the changes in Ms. Friedberger's health and insurability, which included, but was not limited to, Ms. Friedberger's acute renal failure,

7

chronic kidney disease, vaginal mass and cervical cancer, thereby misrepresenting one or more facts in the Application concerning the health and insurability of Ms. Friedberger.

30.    The misrepresentations set forth in the Application were material, in that they induced Lincoln to issue the Policy and substantially affected the hazard assumed by Lincoln. Had the applicants truthfully and accurately represented the facts on or before the Issuance Date, as required by the Application, Lincoln would not have issued the Policy.

## DECLARATORY JUDGMENT – MATERIAL MISREPRESENTATION

31.    Ms. Friedberger, Mr. Cohen, Mr. Binday and/or others acting for them or at their request, made one or more misrepresentations to Lincoln in the Application, concerning, *inter alia*, the health and insurability of Ms. Friedberger.

32.    As of the Issuance Date, Ms. Friedberger, Mr. Cohen, Mr. Binday and/or others acting for them or at their request, knew, or should have known, of the falsity of certain representations made in the Application.  The representations made in the Application regarding, *inter alia*, the health and insurability of Ms. Friedberger, were material and induced Lincoln's reliance; indeed the misrepresentations had a significant bearing upon Lincoln's decision to issue the Policy.

33.    Lincoln is entitled to a judicial declaration that, pursuant to applicable law, no proper claim for the death benefit or other relief of performance is owed by Lincoln under the Policy, and, further, that the Policy is void *ab initio*, as it was issued by Lincoln in reliance upon one or more material misrepresentations made by the Policy applicants, or in the alternative, that the misrepresentations constitute grounds for rescission of the Policy by Lincoln.

WHEREFORE, Lincoln respectfully requests the entry of an Order by this Court declaring:

A.      Whether by virtue of the misrepresentations aforesaid, no proper claim for the death benefit or other relief of performance is owed by Lincoln under the Policy;

B.      Whether the Policy is void *ab initio*, or in the alternative, whether Lincoln may rescind the Policy, due to one or more of the material misrepresentations made by the Policy applicants in the Application and relied upon by Lincoln;

C.      Whether Lincoln may retain some or all of the premiums paid pursuant to the Policy;

D.      Whether Lincoln is awarded attorney's fees and costs associated with seeking this judgment; and

E.      Whether Lincoln is granted such further relief as this Court deems appropriate.

**DRINKER BIDDLE & REATH LLP**

July __, 2008                        By: _____

Katherine L. Villanueva (KH 5283)
140 Broadway, 39th Floor
New York, NY 10005
(212) 248-3140


*Of Counsel*

Stephen C. Baker
Thomas S. Downie
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
(215) 988-2700
*Attorneys for Plaintiff*
*The Lincoln National Life Insurance Company*

9

PHLIT/ 929648.3

11

**EXHIBIT "A"**



**JEFFERSON PILOT FINANCIAL**

Please check appropriate underwriting company:
☐ Jefferson-Pilot Life Insurance Company, Service Office: PO Box 21008, Greensboro, NC 27420-1008
☐ Jefferson Pilot Financial Insurance Company, Service Office: PO Box 515, Concord, NH 03302-0515 (hereinafter referred to as "the Company")

## APPLICATION FOR LIFE INSURANCE — PART I

### I. PROPOSED INSURED

| 1. Name of Proposed Insured ☐ Male ☑ Female (First, Middle, Last) | 2. Date of Birth (mm/dd/yy) | 3. Place of Birth (State, Country) | 4. Social Security Number |
|---|---|---|---|
| *Shirley Friedberger* | REDACTED | *NY USA* | 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 |
| | | | 5. Driver License # & State |
| | | | REDACTED |

| 6. Home Address (Street, City, State, Zip Code) | 7. Years At This Address |
|---|---|
| REDACTED     *Lake worth FL 33467* | *12 yrs* |

| 8. Employer | 9. Business Address (Street, City, State, Zip Code) |
|---|---|
| REDACTED | |

| 10. Occupation/Duties | 11. Home Telephone | 12. Business Telephone | 13. Citizen of (Country) |
|---|---|---|---|
| *Real Estate Broker* | REDACTED | | *USA* |

### II. PROPOSED ADDITIONAL INSURED - Complete for Survivorship Life Policy or Term Rider on Spouse/Other Insured for Individual Life Policy.

| 14. Name of Proposed Insured ☐ Male ☐ Female (First, Middle, Last) | 15. Date of Birth (mm/dd/yy) | 16. Place of Birth (State, Country) | 17. Social Security Number |
|---|---|---|---|
| | | | 18. Driver License # & State |

| 19. Home Address (Street, City, State, Zip Code) | 20. Years At This Address |
|---|---|
| | |

| 21. Employer | 22. Business Address (Street, City, State, Zip Code) |
|---|---|
| | |

| 23. Occupation/Duties | 24. Home Telephone | 25. Business Telephone | 26. Citizen of (Country) |
|---|---|---|---|
| | | | |

### III. COVERAGE INFORMATION

| 27. Plan of Insurance (If Ensemble*, also complete Question 32) | 28. Amount of Insurance: $ *4MM* |
|---|---|
| *Advantage Solutions* | |

29. (i) Death Benefit Option    ☑ Level    ☐ Increasing    ☐ Specified Amount plus premiums less withdrawals
(ii) Death Benefit Qualification Test - For IRS purposes, premiums will be tested using the Guideline Premium Test unless ☐ Cash Value Accumulation Test is checked (not available on all products). Cannot be changed after issue.

30. Additional ☐ Waiver of Premium

Benefits: ☐ Accidental Death Benefit $ _____    ☐ Term on Spouse/Other Insured Rider $ _____
☐ Guaranteed Insurability $ _____    ☐ Children's Rider $ _____ / Units _____
☐ Waiver of Specified Premium $ _____    (Complete Child's Supplement)
☐ Accelerated Benefit Rider    ☐ Other _____
☐ Supplemental Coverage/    ☐ Other _____
Additional Specified Amount Rider $ _____    ☐ Other _____

31. Automatic Premium Loan    ☐ Yes    ☐ No    (This question applies to Whole Life Nonpar products only.)

32. Complete only if applying for Variable Life Insurance with Jefferson Pilot Financial Insurance Company. Submit Premium Allocation and Disclosure Form for Variable Universal Life with Application:

(i) Monthly insurance and administrative charges will be deducted from the General Account and divisions of the Separate Account on a pro rata basis unless the box is checked below (not available on all VUL products):

☐ Deduct all charges from the _____ division (any single division or the General Account may be noted).

**(ii) Suitability**

|  |  | Yes | No |
|---|---|---|---|
| 1. | Have you, the Proposed Insured(s) and the Owner, if other than the Proposed Insured(s), received a current Prospectus dated _____ for the policy applied for and have you had sufficient time to review it? | ☒ | ☐ |
| 2. | Do you understand that the amount and duration of the death benefit may increase or decrease depending on the investment performance of funds in the Separate Account? | ☒ | ☐ |
| 3. | Do you understand that the cash values may increase or decrease depending on the investment performance of the funds held in the Separate Account? | ☒ | ☐ |
| 4. | With this in mind, do you believe that the policy applied for is in accord with your insurance objective and your anticipated financial needs? | ☒ | ☐ |

**CASH VALUES MAY INCREASE OR DECREASE IN ACCORDANCE WITH THE EXPERIENCE OF THE SEPARATE ACCOUNT. THE DEATH BENEFIT MAY BE VARIABLE OR FIXED UNDER SPECIFIED CONDITIONS.**

**IV.  OWNER INFORMATION (Complete if Different from Proposed Insured(s))**

33. (i) Owner Name (First, Middle, Last)

The Friedberger Irrevocable Insurance Trust

(ii) Citizen of (Country)

34. Owner Address

30 Ellis Place, Ossining NY 10562

| 35. Owner Social Security or Tax ID # | 36. Relationship to Proposed Insured(s) | 37. Trust Date (only if Trust is Owner) |
|---|---|---|
| Pending | Trust | 3/24/07 |

**V.  BENEFICIARY DESIGNATION**

| 38. Primary Beneficiary(ies): | 39. Social Security or Tax ID #: | 40. Relationship(s) to Proposed Insured(s): |
|---|---|---|
| The Friedberger Irrevocable Insurance Trust | Pending | Trust |

| 41. Contingent Beneficiary(ies): | 42. Social Security or Tax ID #: | 43. Relationship(s) to Proposed Insured(s): |
|---|---|---|
|  |  |  |

| 44. Beneficiary for Spouse/Other Insured Term Rider: | 46. Relationship to Spouse/Other Insured: |
|---|---|
|  |  |

45. Social Security or Tax ID #:

**VI.  BILLING INSTRUCTIONS**

47. Payment with Application $ _0_          Was the Conditional Receipt Given? ☐ Yes ☑ No

48. Planned Premium: $ 310,624          49. Lump Sum: $ _____          ☐ 1035 Exchange

50. Premiums to be Paid:  ☑ Annually   ☐ Semi-Annually   ☐ Quarterly   ☐ Monthly   ☐ List Bill # ____
                         ☐ DRAFT/PAC   ☐ PDF (Complete Transmittal)   ☐ Other: ____

51. Premium Bill to be Sent to:   ☐ Proposed Insured at:          ☐ Other ("Care Of" Name and Mailing Address)
                                      ☐ Home Address
                                      ☐ Business Address; or
                                  ☐ Proposed Additional Insured at:   ☐ Other ("Care Of" Name and Mailing Address)
                                      ☐ Home Address
                                      ☐ Business Address; or
                                  ☑ Owner at address listed in #34

52. Special Instructions:

Complete each question for the Proposed Insured and any Additional Insured.

| VII. PERSONAL FINANCE | Proposed Insured | Additional Insured |
|---|---|---|
| 53. Annual Earned Income: | a) $ 35,000 | b) $ |
| 54. Annual Unearned Income (if none, please indicate $0): | a) $ 250,000 | b) $ |
| 55. Total Assets: | a) $ 2,900,000 | b) $ |
| 56. Total Liabilities: | a) $ 95,000 | b) $ |
| 57. Net Worth: | a) $ 2,805,000 | b) $ |
| 58. In the last 5 years have you filed for bankruptcy? If "Yes", COMPLETE the Financial Supplement. | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |

| VIII. LIFE INSURANCE IN FORCE | | |
|---|---|---|
| 59. Have you ever applied for life, health or disability insurance and been declined, postponed or charged an increased premium? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 60. Do you have any applications pending with any other life insurance company now? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |

If answered "Yes" to question 59-60, please give details here for each Proposed Insured.

Proposed Insured: _____

_____

_____

Additional Insured: _____

_____

_____

61. i.) Are you considering stopping premium payments, surrendering, replacing, forfeiting, assigning to the Insurer or reducing your benefits under an existing policy or contract?    ☐ Yes    ☒ No

ii.) Are you considering using or borrowing funds from your existing policies or contracts to pay premiums due on the new or applied for policy?    ☐ Yes    ☒ No

If yes to either question, please complete and sign all required replacement forms and complete Question 62.

62. List all insurance in force on any Proposed Insured. If none, check this box. ☒

| Insured's Name & Company | Face Amount | Policy Number | Issue Year | Replacement or Change of Policy? | Check here if 1035 Exchange |
|---|---|---|---|---|---|
| | $ | | | ☐ Yes ☐ No | ☐ |
| | $ | | | ☐ Yes ☐ No | ☐ |
| | $ | | | ☐ Yes ☐ No | ☐ |
| | $ | | | ☐ Yes ☐ No | ☐ |

| Complete each question for the Proposed Owner, the Proposed Insured (if other than Owner) and any Additional Insured: | Proposed Insured, if other than Owner | Additional Insured | Proposed Owner |
|---|---|---|---|
| 63. Have you been involved in any discussion about the possible sale or assignment of this policy to a life settlement, viatical or other secondary market provider? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No | c) ☐ Yes ☐ No |
| 64. Have you in the past two years sold a policy to a life settlement, viatical or other secondary market provider? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No | c) ☐ Yes ☐ No |

If answered "YES" to any part of question 63 or 64, please give details for each "YES" answer.

_____

_____

_____

_____

_____

_____

| IX. GENERAL RISK INFORMATION | Proposed Insured | Additional Insured |
|---|---|---|
| 65. In the past 3 years, have you smoked a cigarette, cigar or pipe, chewed tobacco or used tobacco or nicotine in any form? <br> If "Yes", last used (form) _____ <br> Month, Year | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 66. Are you a member of, or applied to be a member of, or received a notice of required service in, the armed forces, reserves or National Guard? <br> If "Yes", please list: branch of service, rank, duties, mobilization category and current duty station. | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 67. In the past 3 years, have you engaged in, or within the next 12 months do you plan to engage in, flying in non-commercial aircraft; racing of any kind; skin or scuba diving; parachuting or sky diving; hang gliding; mountain, rock or technical climbing? If "Yes", complete Aviation-Avocation Supplement. | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 68. Have you ever been convicted of a felony or misdemeanor (except for a minor traffic violation)? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 69. In the past 5 years, have you been convicted of (i) two or more moving violations, (ii) driving under the influence of alcohol or other drugs, or (iii) had your driver's license suspended or revoked? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 70. Have you ever tested positive for exposure to the HIV infection or been diagnosed as having Acquired Immunodeficiency Syndrome (AIDS) or AIDS Related Complex (ARC) caused by the HIV infection or other sickness or condition derived from such infection? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |

If answered "Yes" to questions 66-70, please give details here for each Proposed Insured.

Proposed Insured: _____

_____

_____

Additional Insured: _____

_____

_____

---

## X. MEDICAL INFORMATION

**Proposed Insured:**

71. Name/address/phone number of your personal physician and/or health care facility? (If none, indicate "None".) _Jeffrey Behrens 4621 S. Congress Ave, Ste 101 West Palm Beach FL 33461_
   a. Date and reason last consulted? _Feb 2007 - Check-up_    Tel _561-432-8933_
   b. Treatment or medication prescribed? _____

72. Height _5_ ft. _1_ in.     Weight _185_ lbs.
   a. Has your weight changed by more than 10 pounds during the past 12 months?    ☐ Yes ☐ No
   b. If "Yes", by how many pounds? _____ ☐ Gain ☐ Loss

**Additional Insured:**

73. Name/address/phone number of your personal physician and/or health care facility? (If none, indicate "None".) _____

_____

   a. Date and reason last consulted? _____
   b. Treatment or medication prescribed? _____

74. Height _____ ft. _____ in.    Weight _____ lbs.
   a. Has your weight changed by more than 10 pounds during the past 12 months?    ☐ Yes ☐ No
   b. If "Yes", by how many pounds? _____ ☐ Gain ☐ Loss

Medical Information questions continue on next page.

## X.   MEDICAL INFORMATION

75.   Have you ever had, or been told by a medical professional to seek treatment because of, any of the following:

| | | Proposed Insured | Additional Insured |
|---|---|---|---|
| i. | Chest pain, high blood pressure, heart attack, heart murmur, disease of the heart or blood vessels? | a) ☒Yes ☐No | b) ☐Yes ☐No |
| ii. | Cancer, tumor, leukemia, blood disorder, melanoma, or lymphoma? | a) ☐Yes ☒No | b) ☐Yes ☐No |
| iii. | Diabetes or high blood sugar? | a) ☒Yes ☐No | b) ☐Yes ☐No |
| iv. | Shortness of breath, asthma, sleep apnea, emphysema, tuberculosis, or other lung disease? | a) ☐Yes ☒No | b) ☐Yes ☐No |
| v. | Disease of the nervous system, stroke, seizure, paralysis? | a) ☐Yes ☒No | b) ☐Yes ☐No |
| vi. | Mental or nervous disorder, depression, anxiety? | a) ☐Yes ☒No | b) ☐Yes ☐No |
| vii. | Hepatitis, cirrhosis, or other disease of the liver or pancreas? | a) ☐Yes ☒No | b) ☐Yes ☐No |
| viii. | Ulcer, colitis, or other disorder of the stomach or intestines? | a) ☐Yes ☒No | b) ☐Yes ☐No |
| ix. | Disease or disorder of the kidneys, bladder or prostate, or a sexually transmitted disease? | a) ☐Yes ☒No | b) ☐Yes ☐No |
| x. | Arthritis, disease or injury of the muscles, bones, or joints? | a) ☒Yes ☐No | b) ☐Yes ☐No |
| xi. | Any other health impairment, congenital deformity or medically or surgically treated condition not mentioned above? | a) ☐Yes ☒No | b) ☐Yes ☐No |

76.   Have you ever used or experimented with cocaine, marijuana, or other non-prescription stimulants, depressants, or narcotics?  a) ☐Yes ☒No   b) ☐Yes ☐No

77.   Have you ever been treated, or advised to receive treatment, for use of alcohol or drugs?  a) ☐Yes ☒No   b) ☐Yes ☐No

78.   In the past 30 days, have you taken any medication or non-prescription drug?  a) ☒Yes ☐No   b) ☐Yes ☐No

79.   Are you now planning to seek medical advice or treatment for any reason?  a) ☐Yes ☒No   b) ☐Yes ☐No

**Proposed Insured:**

| 80. Family Record | Age if Living | Present Health | Age at Death | Cause of Death |
|---|---|---|---|---|
| Father | | | 40's | Leukemia |
| Mother | | | 86 | Stroke |
| Brothers | | | | |
| Sisters | | | | |

**Additional Insured:**

| 81. Family Record | Age if Living | Present Health | Age at Death | Cause of Death |
|---|---|---|---|---|
| Father | | | | |
| Mother | | | | |
| Brothers | | | | |
| Sisters | | | | |

If answered "Yes" to questions 72, 74, 75-79, please give complete details including date of last treatment and name/address/phone number of the attending physician.

Proposed Insured:  Dr. Behrens - Glipizide 10mg, diabetes; moduretic 5mg, arthritis; Gabapentin 300mg, Lisinopril 10mg BP

Additional Insured: _____

## XI.   SERVICE OFFICE ENDORSEMENTS (Attach an additional sheet of paper, if necessary)

**XII. SECONDARY ADDRESSEE**

I elect to designate a secondary addressee.     ☐ Yes     ☐ No     If "Yes," complete below.

Name: _____

Address: _____

### AGREEMENT AND ACKNOWLEDGEMENT

I, the Owner, declare that my tax identification or social security number as shown is correct. I also certify that I am not subject to backup withholding.

Each of the Undersigned declares that:

1. This Application consists of: a) Part I Application; b) Part II Medical Application, if required; c) any amendments to the application(s) attached thereto; and d) any supplements, all of which are required by the Company for the plan, amount and benefits applied for.
2. Unless otherwise provided by the Conditional Receipt, the Company will have no liability under this application unless and until: a) it has been received and approved by the Company at its Service Office; b) the policy has been issued and delivered to the policyowner; c) the first premium has been paid to and accepted by the Company; and d) at the time of delivery and payment, the facts concerning the insurability of each person proposed for insurance are as stated in this application.
3. No agent, broker or medical examiner has the authority to make or modify any Company contract or to waive any of the Company's requirements.
4. Corrections, additions or changes to this application may be made by the Company. Any such changes will be shown under "Service Office Endorsements". Acceptance of a policy issued with such changes will constitute acceptance of the changes. No change will be made in classification (including age at issue), plan, amount, or benefits unless agreed to in writing by the Applicant.
5. I ACKNOWLEDGE receipt of the Notices on the Medical Information Bureau and Fair Credit Reporting Act.
6. I HAVE READ, or have had read to me, the completed Application for Life Insurance before signing below. All statements and answers in this application are correctly recorded, and are full, complete and true. I UNDERSTAND that any false statements or material misrepresentations may result in the loss of coverage under the policy.

### TO BE COMPLETED BY AGENT ONLY

(i) Do you know or have you any reason to believe that replacement of insurance is involved?     ☐ Yes     ☐ No

If a replacement is involved, I certify that only company approved sales materials were used in this sale and that copies of all sales materials were left with the applicant.

(ii) I declare that I asked the Proposed Insured(s) each question on the application. The answers have been recorded by me exactly as stated and I know of nothing affecting the insurability of the Proposed Insured(s) which is not fully recorded in this application.

(iii) I declare that I have accurately answered any questions contained in the Agent's Report completed by me in connection with this application.

(iv) I declare that I have provided each Proposed Insured and Owner with the Notices on the Medical Information Bureau and Fair Credit Reporting Act as well as a copy of the Privacy Practices Notice.

(v) I verified the Owner/Applicant's identity by viewing the individual's photograph on a driver's license, passport or other official document and have transcribed the number of such identification below. If applicant is a business or trust entity, I viewed documentation confirming the entity's legal status and state of formation.

☑ Yes     ☐ No     Driver's License, Passport or Other ID#: _____

(vi) I declare I have not been involved in any discussion of the possible sale or assignment of the policy to a life settlement, viatical or other secondary market provider. If otherwise, please explain: _____

(vii) I have verified that this policy will not replace a policy that has already been sold to a life settlement, viatical or other secondary market provider. If otherwise, please explain: _____

EJF-01734-4 (3/06)

Page 8 of 9
3/06

MAY-30-07 10:26 AM   7823539.465378346687     1 561 641 6125     P.01

May 30. 2007 11:27AM                              No.0155   P. 2

## AUTHORIZATION

Each of the undersigned declares that:

I authorize any licensed physician, medical practitioner, hospital, clinic or any other medically related facility, insurance support organizations, insurance company, Medical Information Bureau (MIB), state motor vehicle division, or other organization, institution or person that has any records or knowledge of:

Proposed Insured/Patient __Shirley Friedberger__    Date of Birth __8/18/24__

Proposed Additional Insured/Patient _____    Date of Birth _____

or the proposed insured's health, including but not limited to transaction records, employment records, financial records, and complete medical records (including information regarding insurance, demographics, referral documents and records from other facilities), motor vehicle information, or if other, indicate here:

to give all such information to Jefferson Pilot Life Insurance Company or Jefferson Pilot Financial Insurance Company (the Company), their licensed representatives and/or their reinsurers, MediConnect.net Inc, GIS, or if other, indicate here _____

I understand that an authorization for release or disclosure of psychotherapy notes may not be combined with an authorization for release or disclosure of any other information (a separate Authorization Page must be completed for release or disclosure of psychotherapy notes).

I understand that the information obtained may be used by the Company to determine eligibility for insurance, or to administer my coverage. The Company may not give the information to any person or entity except: 1) a reinsurer, or other insurers to whom I have applied or may apply; 2) MIB; or 3) any other person or entity who performs business or legal services in connection with the administration of my insurance coverage. I understand that some of these people or entities may not be covered by federal or state privacy regulations and that the information they receive may be redisclosed, however the Company contractually requires them to protect the information we disclose to them. Information may be disclosed as allowed by law or regulation.

I have received a Privacy Practices Notice which details the method I must use to exercise my right to access, correct, and amend any information gathered about me or my children which relates to this application. I understand that I can provide written revocation of this Authorization to the Company at any time, except: 1) if the Company has taken action in reliance on the Authorization; or 2) the Company is using the Authorization in connection with a contestable claim under my policy.

I understand that if I refuse to sign this authorization to release my complete medical record, the Company may not be able to process my application.

I agree that a copy of this authorization shall be as valid as the original and this authorization shall be valid for 24 months from the date shown below. I may have a copy upon request.

☐ I elect to be interviewed if an Investigative Consumer Report is prepared.

**Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony in the third degree.**

### SIGNATORY SECTION

Signed at _____ (state) _____ this _____ day of _____ (month) _____ (year)

__Shirley Friedberger__
Signature of Proposed Insured
(Parent or Guardian if under 14 years of age)

_____
Signature of Proposed Additional Insured (if coverage applied for)

_____
Signature of Owner (if other than Proposed Insured)

_____
Agent License Identification Number

_____
Signature of Licensed Agent, Broker or Registered Representative

_____
Name of Licensed Agent, Broker or Registered Representative
(Please Print)

### APPLICABLE TO VARIABLE LIFE ONLY

I have reviewed the Application, New Account Form and Premium Allocation and Disclosure Form and find the transaction suitable

## BISYS Insurance Services, Inc.

MAY-30-07 10:28 AM   7823539.465378346687        1 561 641 6125         P.02

May.30. 2007 10:28AM                                   No.2155  P. 3

**JEFFERSON PILOT FINANCIAL**

Please check appropriate underwriting company:
☐ Jefferson-Pilot Life Insurance Company, Service Office; PO Box 21008, Greensboro, NC 27420-1008
☐ Jefferson-Pilot Financial Insurance Company, Service Office; PO Box 515, Concord, NH 03302-0515 (hereinafter referred to as "the Company")

## CONDITIONAL RECEIPT Part I - Return to the Company Service Office
### This page must accompany the completed application.

This Conditional Receipt provides a limited amount of life insurance coverage, for a limited period of time, subject to the terms of this receipt. This Conditional Receipt may not be given if the insuring age of any proposed insured is under 15 days or over 70 years of age (nearest birthday).

**You cannot submit payment, nor give this Conditional Receipt, if you are submitting applications for alternate policies.**

**All checks must be made payable to Insurance Company checked above.**

**Do not make checks payable to the agent or leave the payee blank.**

| Name Proposed Insured | | | Name Additional Proposed Insured | | |
|---|---|---|---|---|---|
| Shirley | | Friedberger | | | |
| (First) | (Middle) | (Last) | (First) | (Middle) | (Last) |

| Health Questions | Proposed Insured | Additional Insured |
|---|---|---|
| Have you: | | |
| 1. Had or been treated for heart disease, stroke or cancer within the past twelve (12) months? | ☐ Yes  ☒ No | ☐ Yes  ☐ No |
| 2. Been admitted to a hospital or other medical facility or been advised by a medical practitioner that you need to be hospitalized for any reasons other than for normal pregnancy within the past ninety (90) days? | ☐ Yes  ☒ No | ☐ Yes  ☐ No |

Unless both questions are answered "No" for both insureds, payment cannot be submitted and the Conditional Receipt may not be given.

### SIGNATORY SECTION

Signed at _____ this _____ day of _____
                    (State)                              (month)              (year)

I have read the terms of this Conditional Receipt. I understand that the insurance applied for will not be effective unless and until all conditions of this Conditional Receipt are met. I have read and received a copy of Part II of the Conditional Receipt

*Shirley Friedberger*
Signature of Proposed Insured
(Parent or Guardian if under 14 years of age)

_____
Signature of Proposed Additional Insured

_____
Signature of Owner

_____
Signature of Licensed Agent, Broker
or Registered Representative Receiving Check Payable To Company

 **JEFFERSON PILOT FINANCIAL**

Please check appropriate underwriting company:
☐ Jefferson Pilot Life Insurance Company, Service Office: PO Box 21008, Greensboro, NC 27420-1008
☐ Jefferson Pilot Financial Insurance Company, Service Office: PO Box 515, Concord, NH 03302-0515
(hereinafter referred to as "the Company")

## CONDITIONAL RECEIPT Part II
**If payment is received, complete this page and leave with applicant.**

The company acknowledges receipt of $ _____ paid in connection with an Application for

Life Insurance dated _____, on Proposed Insured _Shirley Medberger_

Additional Proposed Insured _____.

_____    _____
Signature of Licensed Agent, Broker or Registered Representative Receiving    Date
Check Payable To Company

### Conditions and Limitations

**Amount Limitation - $1,000,000 Total Insurance:** The maximum amount of life insurance which may become effective under this Conditional Receipt on any person proposed for insurance shall not exceed $1,000,000 minus all life insurance provided under other Conditional Receipts and in force policies with the Jefferson Pilot Financial affiliated companies listed above. Life insurance includes any benefits for accidental death.

**Conditions:**
- A minimum payment with application equal to one month premium for the insurance applied for must be made.
- Any check given in payment must be honored when first presented to the bank.
- All medical examinations and tests required by the Company's initial underwriting requirements must be completed and received at its Service Office during the lifetime of the Proposed Insured and prior to the Company's termination of the application, but in any case within 60 days from the completion of Part I of the application.
- If any person proposed for insurance dies by suicide or if the application or this receipt contains any material misrepresentations, then the Company's liability under this receipt is limited to a refund of the premium paid.
- Each person proposed for insurance must be a risk insurable on the beginning date in accordance with the Company's rules, limits and standards for the plan and the amount applied for without modification either as to plan, amount, riders, supplemental agreements and/or the rate of premium paid.

**Beginning Date:** If all conditions in this receipt have been fulfilled, coverage under the policy applied for, subject to the Amount Limitations may begin on the insurability date, which is the latest of (a) the date of completion of Part I of the application, or (b) the date of completion of all medical examinations, tests and other evidence required by the Company, or (c) the policy date, if any, requested in the application.

**Termination Date - 90 Day Maximum:** If the conditions have been met and coverage begins, coverage under this receipt will terminate 90 days from the date of this receipt unless prior to that date the insurance policy is issued and accepted.

If insurance is declined or the policy, if any, as issued is not accepted, any premium paid will be returned to the party(ies) that remitted the payment. If the policy is accepted, any premium paid will be credited to the premiums due under such policy.

 **JEFFERSON PILOT FINANCIAL**

Jefferson-Pilot Life Insurance Company, PO Box 21008, Greensboro, NC 27420-1008
Jefferson Pilot Financial Insurance Company, PO Box 515, Concord, NH 03302-0515
(hereinafter referred to as "the Company")

## AGENT'S REPORT Date _____ (Completed Form Must Accompany Application for Life Insurance)

### GENERAL INFORMATION

1. (i) Name of Owner/Applicant _The Fredberger Irrevocable Ins. Trust_   (ii) Name of Insured(s) _Shirley Fredberger_

   (iii) How long and how well have you known the Proposed Insured(s) and Owner? _Daughter is client for 10⁺ years_

2. Are you related to the Proposed Insured(s)? ☐ Yes ☒ No    If "Yes", Give details:

3. Do the Proposed Insured(s) and Owner read and understand the English Language? ☒ Yes ☐ No   If "No", how was
   the application completed?

4. If LifeComp program was used, have you completed the required paperwork? ☐ Yes ☐ No   N/A

5. Answer only if Proposed Insured is under age 15.

   a. Father's Life Insurance:   Amount In Force: $ _____   Amount Applied for: $ _____

   b. Mother's Life Insurance:   Amount In Force: $ _____   Amount Applied for: $ _____

   c. Are siblings also being insured?   ☐ Yes ☐ No   If "No", please explain:

### BUSINESS FINANCES (Complete only if this is business insurance)

6. Type of business:   ☐ Corporation   ☐ Partnership   ☐ Sole Proprietorship   ☐ Other:

7. Proposed Insured is:   ☐ Employee   ☐ Owner of ____ % of business

8. Total Business Assets:   Total Business Liabilities:   Total Business Net Worth:
   $ _____   $ _____   $ _____

9. Net Income (Profit) for the past 2 years:   Last year $ _____   Previous year $ _____

10. Is application signed by authorized officer or partner other than Proposed Insured?   ☐ Yes   ☐ No
    If "Yes", please explain:

11. Are applications being submitted on other business associates?   ☐ Yes   ☐ No

12. What insurance does the business maintain on the lives of each corporate officer/key person/partner and the amount of
    business insurance on each?

| Name | Title | % of Ownership | Amount In Force | Amount Applied For |
|------|-------|----------------|-----------------|--------------------|
|      |       |                | $               | $                  |
|      |       |                | $               | $                  |
|      |       |                | $               | $                  |
|      |       |                | $               | $                  |

### AGENT INFORMATION

13. Agents who participated in this application:

| Full Name of Agent entitled to commission: | Agent Number | % Comm. Share | Agent's Phone Number: (include area code) | Agent's Fax Number: (include area code) |
|---------------------------------------------|--------------|---------------|-------------------------------------------|------------------------------------------|
| Michael L. Binday | Pending | 100 % | **REDACTED** | **REDACTED** |
|  |  | % |  |  |
|  |  | % |  |  |

14. Primary Agent's E-Mail Address: _mbinday @ advhc.com_

15. Identify any special compensation instructions (i.e. trail commission schedule) or ☒ Check here if there is no special
    commission program: _____